UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:26-cr-148 |
| | ) | |
| v. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1956(a)(1)(B)(i) |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| | ) | 18 U.S.C. § 982(a)(1) |
| WILLIAM CHRISTOPHER SWETT | ) | 28 U.S.C. § 2461 |
| | ) | |
| | ) | **INFORMATION** |
| | ) | |

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times relevant to this Information:

1. The Defendant, **WILLIAM CHRISTOPHER SWETT**, was a licensed attorney, residing in Charleston, South Carolina and practicing at a plaintiffs' litigation law firm in Mt. Pleasant, South Carolina, known to the United States Attorney and hereafter referred to as the "Law Firm."

2. As a personal injury attorney, **WILLIAM CHRISTOPHER SWETT** represented individuals in civil claims following injury, death, and other loss. **WILLIAM CHRISTOPHER SWETT's** practice focused primarily on asbestos and mesothelioma litigation.

3. During the pendency of a case, the Law Firm assumed the costs and expenses associated with litigation. Lawyers and other employees at the Law Firm, including **WILLIAM CHRISTOPHER SWETT**, submitted expense reports to the Law Firm seeking reimbursement for case-related expenses paid by the lawyer. By submitting expense reports for reimbursement, Law Firm employees acknowledged and attested that the expense report contained legitimate expenses incurred for the Law Firm and/or the client's benefit.

1

4. Once a client obtained settlement funds following the resolution of their personal injury claims, the Law Firm deducted its fees and expenses before dispersing settlement proceeds to the client. Occasionally, the lawyer could elect not to expense the client, in which case the Law Firm absorbed the expenses.

5. **WILLIAM CHRISTOPHER SWETT's** wife, known to the United States Attorney, worked as a paralegal at the Law Firm. She began working at the Law Firm in 2013 and continued working as a paralegal until her termination in 2024.

6. MedBill Solutions LLC ("MedBill") was a South Carolina limited liability company established by **WILLIAM CHRISTOPHER SWETT** in March 2018. The address associated with MedBill was a PO Box registered to W. Christopher Swett, located in Mt. Pleasant, South Carolina. MedBill's registered agent was **WILLIAM CHRISTOPHER SWETT's** mother, known to the United States Attorney.

7. LegalAssets, LP is a limited partnership established by **WILLIAM CHRISTOPHER SWETT** in May 2022. The addresses associated with LegalAssets are the same PO Box registered to W. Christopher Swett, located in Mt. Pleasant, South Carolina, as well as his home address on John's Island. **WILLIAM CHRISTOPHER SWETT's** wife is listed as the general partner of LegalAssets.

8. Beginning at a time unknown to the United States Attorney but at least 2018 and continuing to at least March 2024, in the District of South Carolina and elsewhere, the Defendant, **WILLIAM CHRISTOPHER SWETT**, knowingly devised a scheme and artifice to defraud the Law Firm and his clients and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, and during such period, knowingly transmitted and caused to be transmitted in interstate commerce, by means of wire communications, certain

writings, signs, signals, pictures, and sounds, for the purpose of executing the scheme and artifice to defraud, in violation of Title 18, United States Code, Section 1343.

Manner and Means of the Scheme and Artifice to Defraud

9. **WILLIAM CHRISTOPHER SWETT** and his Law Firm represented individuals in civil personal injury claims. **WILLIAM CHRISTOPHER SWETT's** wife began working as a paralegal on **WILLIAM CHRISTOPHER SWETT's** cases in 2015. The couple married in 2021, but **WILLIAM CHRISTOPHER SWETT** and his wife withheld their romantic relationship from the Law Firm for years. **WILLIAM CHRISTOPHER SWETT** insisted that they withhold their marriage from the Law Firm until late 2022. If the Law Firm was aware that **WILLIAM CHRISTOPHER SWETT** was married to his paralegal, they would have reassigned his wife to another lawyer, and she would not have been able to work on his cases or submit reimbursement requests on his behalf.

10. As part of the scheme, the Defendant, **WILLIAM CHRISTOPHER SWETT**, by means of false and fraudulent pretenses, representations, promises, and material omissions, routed and redirected Law Firm and client funds to enrich himself personally, including by knowingly:

   a. Establishing MedBill and LegalAssets to appear as legitimate legal services companies and thereafter expensing the Law Firm and his clients for services not performed;

   b. Failing to disclose his association with and financial interest in MedBill and LegalAssets;

   c. Submitting fraudulent and/or inflated reimbursement requests and invoices for expenses not incurred and for illegitimate expenses, including but not limited to airline flights, meals, hotel costs, depositions, and client and expert meetings;

d. Directing his wife to submit fraudulent reimbursement requests, knowing that the claimed expenses had not been incurred and/or should not be carried by the Law Firm;

e. Submitting sham reimbursement requests for fictitious clients;

f. Manufacturing fraudulent death and personal injury claims and submitting such claims to a multinational pharmaceutical, biotechnology, and medical technologies corporation;

g. Submitting false assertions that his clients suffered from severe loss and/or death from asbestos-related illness;

h. Siphoning settlement funds intended for his clients to his own personal bank accounts and to bank accounts he controlled;

i. Falsifying medical records and related documents to support the fraudulent personal injury claims;

j. Creating fake email accounts and communicating with himself on his Law Firm account to generate false and fraudulent documentation and to further deceive his Law Firm and conceal his criminal conduct;

k. Directing settlement funds to which he was not entitled to financial accounts he controlled;

l. Directing expense reimbursements and other fraudulently obtained funds to his personal accounts, to a PO Box he controlled, and to accounts to which he otherwise had access and control, for his personal enrichment; and

m. Transferring fraudulently obtained funds to and between bank accounts he controlled to further conceal his scheme and to disguise the nature of the proceeds.

11. As a result of his scheme to defraud, **WILLIAM CHRISTOPHER SWETT** fraudulently obtained at least $1,500,000.

## COUNT 1
### Wire Fraud, 18 U.S.C. § 1343

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

12. The allegations contained in paragraphs 1 through 11, including all subparts, are incorporated by reference as if fully set forth herein.

13. On or about July 8, 2021, in the District of South Carolina, the Defendant, **WILLIAM CHRISTOPHER SWETT**, having devised the aforementioned scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire in interstate commerce, writings, signs, and signals, for the purpose of executing such a scheme and artifice, to wit: **WILLIAM CHRISTOPHER SWETT** caused a $268,844.75 wire transfer into a Bank of America account ending in 8326 and thereafter initiated an online banking transfer of the same into a Bank of America account ending in 6166, both of which he controlled;

In violation of Title 18, United States Code, Section 1343.

## COUNT 2
### Wire Fraud, 18 U.S.C. § 1343

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

14. The allegations contained in paragraphs 1 through 11, including all subparts, are incorporated by reference as if fully set forth herein.

15. On or about July 6, 2022, in the District of South Carolina, the Defendant,

**WILLIAM CHRISTOPHER SWETT**, having devised the aforementioned scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire in interstate commerce, writings, signs, and signals, for the purpose of executing such a scheme and artifice, to wit: **WILLIAM CHRISTOPHER SWETT** obtained $2,618.42 from the Law Firm and deposited the same into his Bank of America account ending in 3795;

In violation of Title 18, United States Code, Section 1343.

## COUNT 3
### Wire Fraud, 18 U.S.C. § 1343

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

16. The allegations contained in paragraphs 1 through 11, including all subparts, are incorporated by reference as if fully set forth herein.

17. On or about January 18, 2023, in the District of South Carolina, the Defendant, **WILLIAM CHRISTOPHER SWETT**, having devised the aforementioned scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire in interstate commerce, writings, signs, and signals, for the purpose of executing such a scheme and artifice, to wit: **WILLIAM CHRISTOPHER SWETT** obtained $19,600.00 from the Law Firm and deposited the same into LegalAsset's Bank of America account, controlled by **WILLIAM CHRISTOPHER SWETT**;

In violation of Title 18, United States Code, Section 1343.

## COUNT 4
### Wire Fraud, 18 U.S.C. § 1343

**THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:**

18. The allegations contained in paragraphs 1 through 11, including all subparts, are incorporated by reference as if fully set forth herein.

19. On or about March 14, 2024, in the District of South Carolina, the Defendant, **WILLIAM CHRISTOPHER SWETT**, having devised the aforementioned scheme and artifice to defraud and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire in interstate commerce, writings, signs, and signals, for the purpose of executing such a scheme and artifice, to wit: **WILLIAM CHRISTOPHER SWETT** obtained $23,100.00 from the Law Firm and deposited the same into LegalAsset's Bank of America account, ending in 7817, controlled by **WILLIAM CHRISTOPHER SWETT**;

In violation of Title 18, United States Code, Section 1343.


## COUNTS 5-8
### Money Laundering, 18 U.S.C. § 1956(a)(1)(B)(i)

**THE UNITED STATES ATTORNEY FURTHER CHARGES:**

20. The allegations contained in paragraphs 1 through 11, including all subparts, are incorporated by reference as if set forth fully herein.

21. On or about the dates set forth below, in the District of South Carolina, the Defendant, **WILLIAM CHRISTOPHER SWETT**, did knowingly and willfully conduct financial transactions affecting interstate commerce as set forth below, each of which involved the proceeds of a specified unlawful activity, to wit: wire fraud in violation of Title 18, United States

Code, Section 1343, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, and while conducting said financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity:

| Count | Date | Transaction |
|---|---|---|
| 5 | March 22, 2024 | $5,000 sent via Zelle payment from account xx7817 to Swett |
| 6 | March 22, 2024 | $10,000 sent via Zelle payment from account xx7817 to Swett |
| 7 | March 25, 2024 | $5,000 sent via Zelle payment from account xx7817 to Swett |
| 8 | March 26, 2024 | $2,000 sent via Zelle payment from account xx7817 to Swett |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

# FORFEITURE

<u>MONEY LAUNDERING</u>:

Upon conviction for violation of Title 18, United States Code, Section 1956 as charged in this Information, the Defendant, **WILLIAM CHRISTOPHER SWETT**, shall forfeit to the United States any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Information, or any property traceable to the offenses.

<u>WIRE FRAUD</u>:

Upon conviction for violation of Title 18, United States Code, Section 1343 as charged in this Information, the Defendant, **WILLIAM CHRISTOPHER SWETT**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendant obtained directly or indirectly as result of such offenses.

<u>PROPERTY</u>:

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1); and Title 28, United States Code, Section 2461(c), the property which is subject to forfeiture upon conviction of the Defendant for the offenses charged in this Information includes, but is not limited to the following:

(1) <u>Proceeds/Wire Fraud Forfeiture Judgment:</u>

A sum of money equal to all property the Defendant obtained as a result of the wire offenses charged in the Information, and all interest and proceeds traceable thereto, for which the Defendant is liable as a result of his violations of and 18 U.S.C. § 1343.

(2) <u>Money Laundering/Forfeiture Judgment:</u>

A sum of money equal to all property involved in the money laundering offenses charged in the Information, and all interest and proceeds traceable thereto, for which the Defendant is liable as the result of his violations of 18 U.S.C. § 1956.

SUBSTITUTE ASSETS:

If any of the property described above, as a result of any act or omission of a Defendant:

    a. cannot be located upon the exercise of due diligence;
    b. has been transferred or sold to, or deposited with, a third party;
    c. has been placed beyond the jurisdiction of the court;
    d. has been substantially diminished in value; or
    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States of America, pursuant to Title 21, United States Code, Section 853(p) as incorporated by 18 U.S.C. § 982(b)(1), to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

Pursuant to Title 18, United States Code, Sections 981(a)(1)(C); 982(a)(1); and Title 28, United States Code, Section 2461(c).

BRYAN P. STIRLING
UNITED STATES ATTORNEY

By: _____
    Emily Limehouse (Fed ID 12300)
    Assistant United States Attorney
    151 Meeting Street, Ste. 200
    Charleston, South Carolina 29401
    Tel.: 843-727-4381
    Fax: 843-727-4443
    Email: Emily.Limehouse@usdoj.gov